**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>**UNITED STATES DISTRICT JUDGE** | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

June 21, 2013

## LETTER ORDER

Re: *J.M., et al. v. Township of Irvington, et al.*
    **Civil Action No. 11-cv-00278 (ES)**

Dear Counsel:

Pending before this Court is Plaintiffs J.M., a minor, by her guardian, and T.M.'s (collectively, "Plaintiffs") Second Motion for Default Judgment against Defendants Glenn Harp ("Harp") and Network Youth Development Program (collectively, "the defaulting Defendants"). (D.E. No. 51). The Court DENIES this motion.

Briefly, this case arises from the sexual assault of Plaintiff J.M. by Harp. The other Defendants in this case are organizations and government entities that formerly employed Harp and are allegedly liable to Plaintiffs for failing to adequately supervise Harp. Harp and Defendant Network Youth Development Program failed to answer the complaint. All other Defendants answered, and this matter is ongoing.

"[I]f default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); *See Generally Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005-11 (N.D. Cal. 2001) (discussing multi-party defendant default judgment jurisprudence in different federal courts); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (same); *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151 (3d Cir. 1986).

Here, the analysis of the claims against the non-defaulting Defendants requires the Court to preliminarily rule on Harp's liability. Thus, the claims of the defaulting and non-defaulting Defendants are intertwined and it would be inappropriate to grant default judgment against the defaulting Defendants. Plaintiffs' motion is therefore DENIED.

SO ORDERED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**